Matthew I. Tourtlotte
TOURTLOTTE LAW FIRM, PLLC
1643 24th Street West, Suite 308
Billings, MT 59102
T:  (406) 294-3400
F:  (406) 545-7995
matt@tourtlottefirm.com
*Attorney for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| JANE DOE No. 1<br><br>  Plaintiff,<br><br>v.<br><br>BILLINGS SCHOOL DISTRICT NO. 2<br><br>  Defendants. | CV **<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

## NATURE OF ACTION

1. This is a civil rights action brought under Title IX of the Education Amendments of 1972, as amended.  Plaintiff Jane Doe No. 1 (Ms. Doe) was sexually assaulted and raped, by a Billings School District No. 2 (SD2) student (B.P.), in February of 2017.

2. After Ms. Doe was sexually assaulted by B.P., she was later bullied, harassed, and intimidated by him and his friends while attending classes at

Skyview High School (Skyview), a high school operating within and pursuant to the policies and procedures of SD2.

3. During the school year subsequent to the sexual assault by B.P., Ms. Doe became the victim of sexual harassment, bullying, and intimidation at the hands of B.P and B.P.'s friends and associates, acting on behalf of B.P., including harasser, J.A.

4. These multiple occurrences of sexual harassment, bullying, and intimidation were reported to the Skyview administration, counselors, teachers, and resource officers.  Further, upon information and belief, these reports were also made to the administration members of School District No. 2.

5. Teachers, counselors, and other authorities/employees of SD2 were aware of the sexual harassment, bullying, and intimidation that Plaintiff, Ms. Doe, was being subjected to.  These persons and authorities did nothing to protect Ms. Doe and/or to stop the harassment and bullying even though SD2 had anti-bullying and harassment policies and procedures in place that were designed to protect Ms. Doe from these offensive and harmful acts.

6. Defendant, SD2, continued to allow B.P. and his associates the opportunity to engage in gender-based bullying, harassment, and intimidation of Plaintiff while she attended high school classes at Skyview until Plaintiff was forced to withdraw.

7. Defendant, SD2, allowed B.P. the opportunity to continue attending high school classes at Skyview and other SD2 campuses.

8. In order to protect herself from the unrelenting bullying and harassment, which Defendants failed to stop, Plaintiff was forced to withdraw from attending high school classes at Skyview and was forced to complete her high school education through a home-based learning program.

9. Plaintiff experienced severe anxiety, stress, panic, and depression because of SD2's failure to protect her from the on-campus bullying and harassment. Plaintiff's grades suffered as a result of the Defendants' actions and inactions and she became isolated, depressed, and overwhelmed with anxiety.

10. Because of Defendant, SD2's actions and inactions, Ms. Doe was unable to graduate with her Skyview classmates.

11. Defendant, SD2, lacks sufficient resources and lacks adequate training and oversight to meet their Title IX obligations. SD2's deliberate indifference and failure to take timely action in response to Plaintiff's multiple reports of gender-based harassment, bullying, and intimidation violated federal law.

12. SD2 acted with gender-based discriminatory intent in failing to provide its staff with the resources, training, and experience needed to timely and effectively respond to Ms. Doe's complaints of sexual assault and harassment.

13. As a result of its failure to comply with its Title IX obligations, SD2 unreasonably interfered with Plaintiff, Ms. Doe's, access to educational programs within the Billings School District, and Plaintiff is therefore entitled to damages in an amount to be determined at trial.

## PARTIES

14. Plaintiff, Jane Doe No. 1 ("Ms. Doe"), was formerly a student at Skyview High School and at all times relevant to the allegations set forth resided in the State of Montana.

15. Defendant Skyview High School ("Skyview") is a high school located and operating in Billings, Montana, and is a part of School District No. 2.

16. Defendant School District No. 2 ("SD2") is the district that oversees the public schools located and operating within the city of Billings.

## JURISDICTION AND VENUE

17. Jurisdiction over federal claims under Title IX of the Education Amendments of 1972, 20 U.S.C. §§ 1681-88, and under 42 U.S.C. § 1988, which provide for attorney and expert fees for the vindication of civil rights claims, is asserted under 28 U.S.C. §§ 1331 and 1343.

18. All of the acts and offending conduct outlined in Plaintiff's Complaint occurred within the state of Montana.

19. The Court has personal jurisdiction over Defendants and the venue is proper hereunder 28 U.S.C. §1391 because the relevant events took place within this Court's jurisdiction.

## FACTUAL BACKGROUND

20. Ms. Doe was a female student at Skyview through the 2017-2020 school years.

21. B.P. was a male student attending high school classes at Skyview during the same time frame.

22. J.A. and other harassers were male students attending Skyview during the same time frame.

23. In February of 2017, in Yellowstone County, B.P. knowingly and deliberately assaulted Jane Doe No.1 by forcing her to have sexual intercourse with him without her consent.

24. B.P. later plead guilty to criminal charges, including multiple charges of rape, that were brought against him by the State of Montana, in Yellowstone County District Court.

25. B.P. remained at Skyview High School following the sexual assault of Ms. Doe and for at least some of this period of time SD2 was aware of the allegations that B.P. had raped Ms. Doe.

26. During the described time period, B.P. and his friends, including J.A., repeatedly victimized Ms. Doe by engaging in gender-based bullying, harassment, and intimidation while they shared classrooms, hallways, and other SD2 facilities with Ms. Doe.

27. These daily verbal attacks caused Ms. Doe to suffer from severe distress, anxiety, depression, and panic attacks. Further, Ms. Doe felt humiliated and demeaned by the repeated conduct of B.P., J.A., and the other harassers.

28. J.A. and other harassers yelled sexually demeaning insults at Ms. Doe and accused her of wanting to be sexually assaulted by B.P.

29. These incidences of gender-based bullying, intimidation, and harassment were witnessed by Ms. Doe's teachers, counselors, administrators, and resource officers, at Skyview.

30. SD2 failed to take any meaningful and/or appropriate actions against B.P. or the other harassers who were terrorizing Ms. Doe and SD2 failed to take any meaningful steps to protect Ms. Doe from the gender-based harassment, bullying, and intimidation.

31. Ms. Doe reported the multiple incidents of harassment, intimidation, and bullying to her assigned school counselor, Bonnie Hoffman. ("Ms. Hoffman").

32. Ms. Hoffman also took no steps to protect Ms. Doe from the multiple instances of gender-based harassment, bullying, and intimidation, orchestrated by B.P. and/or the other harassers, including J.A.

33. The attacks upon Ms. Doe caused her to feel overwhelming anxiety, emotional distress, fear, and depression.

34. Ms. Doe went to the Skyview Dean and filled out a Skyview "bullying slip", where she wrote down all of the sexually demeaning insults, harassment, intimidation, and bullying that she was being subjected to.

35. Upon information and belief, the Skyview Dean subsequently spoke with B.P. and his friends but did not take substantive actions to stop the repeated assaults upon Ms. Doe, and the half-hearted attempts by the Skyview Dean only made the sexually demeaning insults, harassment, intimidation, and bullying worse.

36. Ms. Doe reported the sexually demeaning insults, harassment, intimidation, and bullying directly to the Skyview Administration.

37. During this time period, Ms. Doe also informed her mother, that she had been raped by B.P. in February of 2017.

38. Ms. Doe and her mother attended a meeting with members of Skyview's Administration and during this meeting, Ms. Doe's mother informed the Skyview administration that Ms. Doe had been sexually assaulted by B.P.

39. During this meeting, the Skyview administration was also informed by Ms. Doe's mother that Ms. Doe was continuing to be the victim of gender-based harassment, bullying, and intimidation at Skyview by B.P and his friends.

40. After the meeting, the Skyview administration decided that it would separate B.P. and the other harassers from Ms. Doe.

41. Instead of removing B.P. and the other harassers from the classes shared with Ms. Doe, Skyview determined that it was best to remove Jane Doe No. 1 from her regular classes and let B.P. and the other harassers continue attending their regular classes.

42. In taking this course of action, SD2 caused disruption, unwanted attention, embarrassment, ridicule, humiliation, and other emotional distress to Ms. Doe by removing her from her regular classes.

43. SD2's actions in removing Ms. Doe from her regular classes also had the effect of punishing Ms. Doe for reporting the gender-based harassment, bullying, and intimidation she was being subjected to.

44. Even after removing Ms. Doe from her classes, SD2 failed to adequately address the multiple occurrences of sexual harassment, bullying, and intimidation directed at Ms. Doe when she was left in classes with two of the main aggressors, one of which was J.A.

45. During this time, SD2 neglected to implement important procedures within its anti-bullying and harassment policy and/or take any disciplinary measures against B.P., J.A., or any of the other harassers.

46. SD2's neglect in leaving Jane Doe No. 1 in the classes with J.A., led to further occurrences of gender-based harassment, bullying, and intimidation, directed toward Ms. Doe.

47. During this time, Ms. Doe's growing depression and emotional distress resulted in her expressing suicidal ideations to teachers, counselors, and the Skyview administration.

48. Eventually, Ms. Doe was compelled to temporarily remove herself from Skyview in order to address her overwhelming depression, anxiety, and emotional distress.

49. When Ms. Doe was able to return to Skyview, her mother sent an advance email to Ms. Doe's teachers, imploring that the school provide protection, help, and support to Ms. Doe.

50. At the end of 2017, Ms. Doe was subjected to ever-worsening occurrences of bullying, harassment, and intimidation and she continued to feel hopeless, depressed, and distraught.

51. During this time, Ms. Doe's grades declined significantly.

52. When Ms. Doe returned to classes at Skyview in 2018, the intimidation, bullying, and harassment by B.P. and his friends continued.

53. Skyview continued to fail to take any reasonable steps to protect Ms. Doe from the sexual harassment, bullying, and intimidation she was enduring.

54. In 2018 Ms. Doe's mother petitioned the Justice Court for a temporary restraining order against B.P., and the other harassers.

55. Ms. Doe's mother personally delivered the temporary restraining order to SD2 and filed the same with the Skyview Administration Office.

56. The temporary restraining order on file with SD2 was later converted to a permanent restraining order.

57. Ms. Doe's mother personally delivered the executed permanent restraining order to SD2 by delivering a copy to the Skyview Administration Office.

58. SD2 assured Ms. Doe's mother that all teachers and administrators would be made aware of the permanent restraining order.

59. SD2 neglected to take appropriate actions to inform Skyview teachers and staff of the protective order on file, to enforce the protective order, and upon information and belief, Skyview neglected to upload the protective order to Skyview's viewable platform.

60. On or around March 2018, the Yellowstone County Attorney's Office filed criminal rape charges, on multiple counts of rape, against B.P.

61. SD2 neglected to appropriately acknowledge or respond to the rape charges filed against B.P., and SD2 did nothing to enforce the protective order that had been filed with Skyview on behalf of Ms. Doe.

62. After the rape charges were publicly filed against B.P., Skyview continued to neglect its obligations of safety to Ms. Doe and placed her into a biology class with J.A., a student who Ms. Doe had previously complained was assaulting her with derogatory slurs of a sexual nature, harassing, intimidating, and bullying her.

63. On one occasion, J.A., while in class with Ms. Doe began assaulting her with sexually demeaning comments and also asserted that Ms. Doe had wanted to be sexually assaulted by B.P.

64. After this incident, J.A. was kicked out of the class and later assigned to another classroom, but only after the teacher of the class where the verbal assault had occurred refused to allow J.A. back into the class.

65. On a later date, Ms. Doe was going to her car in the Skyview student parking lot. Upon reaching for the door handle, Ms. Doe was terrified to find a severed rat head pinned by a stake to the handle of her door.

66. Frightened for her safety, Ms. Doe raced to the office of the School Resource Officer (SRO) to report the threat.

67. The Skyview SRO, Officer Doll, investigated the complaint and upon reviewing the video recordings of the student parking lot, confirmed that the assault and threat upon Ms. Doe had been perpetrated by J.A.

68. SD2 performed an investigation of the severed rat head and again neglected to administer discipline in a manner that was consistent with SD2's policies and that would reasonably be expected to end the gender-based bullying, harassment, and intimidation of Ms. Doe.

69. SD2 administered only a three-day, in-school, suspension to J.A. for threatening Ms. Doe with the severed rat head.

70. After being threatened by J.A. with the severed rat head, and after the lack of an appropriate response by SD2 in addressing that incident, Ms. Doe and her family felt that she had no other option but to drop out of her classes at Skyview.

71. Ms. Doe's decision to drop out was solidified in August of 2018 when she and her family were informed that SD2 would be allowing B.P. to enroll in fall class at Skyview and to play football for the Skyview football team.

72. Ms. Doe's mother emailed the Skyview Dean and inquired about why B.P. was being allowed to return to Skyview and how this could be accomplished without risking further insult, harm, and injury to Ms. Doe.

73. Skyview failed to respond to these inquiries and the concerns raised in the email.

74. In late August of 2018, the rape charges against B.P. were reported by the Billings Gazette and numerous other media outlets within Yellowstone County.

75. In September of 2018 SD2 Superintendent, Greg Upham, sent a letter to Ms. Doe's mother, stating that "from what he learned recently", he understood that Ms. Doe "may have been a victim of sexual assault".

76. The September 2018 letter, penned by Superintendent Upham, clearly demonstrates that administrators, teachers, and counselors, at Skyview failed to take the multiple reports made by Ms. Doe and her mother seriously, and likewise neglected to take reasonable actions on behalf of SD2 to protect Ms. Doe from B.P. and the multiple instances of gender-based bullying, harassment, and intimidation perpetrated by B.P. and his associates against Ms. Doe.

77. Because of the inactions of SD2, Ms. Doe ultimately decided the only way she could protect herself from the reoccurring gender-based harassment, bullying, and intimidation was that she would have to drop out of Skyview.

78. In November of 2018, Ms. Doe and her mother met with Skyview administrators in order to decide how she could continue her high school education.

79. By the end of this meeting, it was clear that SD2 was not interested in accommodating the educational needs of Ms. Doe within SD2's facilities.

80. The only option discussed with Ms. Doe and her mother during this meeting was that she should withdraw from classes at Skyview and finish her high school education through a home-based learning program.

81. On December 22, 2019, B.P. pled guilty to raping multiple SD2 students.

82. During this time B.P. was allowed to continue his education within SD2's facilities, while Ms. Doe was effectively punished and left with no option but to drop out of Skyview and pursue her education through a home-based learning program.

83. B.P., after admitting to raping multiple female SD2 students, was allowed to complete his high school education while attending classes at SD2 facilities.

84. Conversely, Ms. Doe was discouraged from attending classes at SD2 facilities and instead was encouraged to complete her high school education through a home-based learning program.

### CLAIM 1
### Sex Discrimination under Title IX of the Education Amendments 1972, 20 U.S.C. §§ 1681-88 – Sexual Harassment-Assault-Deliberate Indifference

85. Plaintiffs incorporate all previous allegations.

86. Title IX prohibits sex discrimination by recipients of federal education funding.

87. SD2 agreed to comply with all applicable federal statutes relating to nondiscrimination by recipients of federal financial assistance.

88. SD2 had notice when it accepted federal funding under Title IX that the institution would be liable for intentional sex discrimination and deliberate indifference to sexual harassment.

89. Pursuant to Title IX, a student may bring a private action against a federal education funding recipient, such as SD2, for the recipient's deliberate indifference to the sexual harassment of a student by another student.

90. SD2 created and/or subjected Plaintiff, Ms. Doe, to a hostile educational environment in violation of Title IX because:

    a. Ms. Doe is a member of a protected class;

    b. Plaintiff, Ms. Doe, was subjected to sexual harassment in the form of a sexual assault and rape by another student;

    c. Ms. Doe was subjected to harassment based upon her sex; and

    d. Plaintiff, Ms. Doe, was subjected to a hostile educational environment created by SD2's failure to properly investigate and/or address the sexual assault and subsequent harassment.

91. Sexual assault is one of the most vicious forms of sexual harassment.

92. B.P.'s sexual assault of Ms. Doe and subsequent harassment by B.P. and others acting on his behalf constitutes sex-based harassment.

93. B.P.'s conduct, and the conduct of other Skyview students acting on his behalf, resulted in Ms. Doe experiencing emotional distress, anxiety, depression, suicidal ideations, and fear in a manner that was so pervasive, severe, and objectively offensive, that it deprived Ms. Doe of access to the educational opportunities and/or benefits provided by Skyview and SD2.

94. Ms. Doe provided SD2 with actual notice of the sexual assault and rape committed against her by B.P., and the subsequent instances of sexual harassment, intimidation, and bullying perpetrated against her by B.P.'s associates.

95. Actual notice of these occurrences was provided to SD2 through Ms. Doe's report of the sexual assault and rape committed against her by B.P. to the Skyview administration, Skyview counselors, and Skyview teachers. Additionally, SD2 had actual notice of these events through the protective order filed with Skyview by Ms. Doe and her mother.

96. The multiple instances of sexual harassment, intimidation, and bullying described in this Complaint were reported to Skyview administrators, counselors, school resource officers, and teachers by Ms. Doe and her mother.

97. SD2 had actual notice that the harms reported to SD2 by Ms. Doe were gender-based.

98. Defendant SD2 was in a position to vindicate Ms. Doe's rights.

99. Defendant SD2 had the authority to address the discrimination.

100. Defendant SD2 had the authority to institute corrective measures.

101. Defendant SD2 exercised substantial control over C.M. and the other harassers, and over the context in which the harassment occurred, as Ms. Doe, B.P., J.A., and the other identified harassers were students of SD2 and were subject to SD2's policies and procedures.

102. Plaintiff, Ms. Doe, expected SD2 to act in accordance with the law.

103. Plaintiff, Ms. Doe, expected SD 2 to act in accordance with SD2's policies and procedures.

104. Defendant SD2 failed to take immediate, effective remedial steps to resolve the complaint of sexual harassment and instead acted with deliberate indifference towards Ms. Doe.

105. Instead of helping Ms. Doe, SD2 allowed her to be repeatedly victimized by B.P. and other SD2 students acting on his behalf, effectively allowing her to be punished while her assailants and harassers were not punished.

106. SD2's actions and inactions in failing to provide immediate and effective assistance to Ms. Doe forced her to drop out of in-person classes at SD2's facilities and instead allowed B.P. and the other assailants to continue their high school educations within SD2 facilities and while Ms. Doe was directed to a home-based learning program.

107. Defendant SD2's deliberate indifference and failure to take timely action in response to Ms. Doe's reports violated its policies and federal law.

108. Defendant SD2 acted with gender-based discriminatory intent in failing to respond to Ms. Doe's complaints.

109. Defendant SD2's failure to promptly and appropriately respond to the alleged sexual harassment resulted in Ms. Doe, on the basis of her sex, being excluded from participation in, being denied the benefits of, and being subjected to discrimination in SD2's education program in violation of Title IX.

**110.** As a direct and proximate cause of these unlawful acts, Plaintiff, Ms. Doe, has suffered and will continue to suffer economic and non-economic damages in an amount to be determined at trial.

**PRAYER FOR RELIEF**

For the reasons stated above, Plaintiff respectfully requests the following relief from the court;

    A.    Declare that Defendant's acts or conduct constitute violations of federal law;

    B.    Enter judgment in Plaintiff's favor on all claims for relief;

    C.    Award Plaintiff, Ms. Doe, full compensatory damages, economic and non-economic, including, but not limited to, damage for pain and suffering, mental

anguish, emotional distress, humiliation, and inconvenience that Plaintiff has suffered and is reasonably certain to suffer in the future;

D. Award Plaintiffs pre-judgment and post-judgment interest at the high lawful rate;

E. Award Plaintiffs reasonable attorneys' fees (including expert fees), and all other costs of this suit.

F. Enter a permanent injunction requiring SD2 to comply with its Title IX obligations and to refrain from sex discrimination by mandating actions including, but not limited to, adequately funding and staffing, to enable SD2 to take immediate, effective remedial steps to resolve all complaints of sexual harassment and/or assault;

G. Award all other relief in law or equity to which Plaintiff is entitled and that the Court deems equitable just, or proper.

## DEMAND FOR JURY TRIAL

Plaintiffs demand trial by jury of all issues so triable in this action.

DATED this 16th day of May 2022.

TOURTLOTTE LAW FIRM, PLLC

 /s/ Matthew I. Tourtlotte
Matt I. Tourtlotte
Tourtlotte Law Firm, PLLC
1643 24th Street West, Suite 308

Billings, MT 59102
*Attorney for the Plaintiff, Ms. Doe*

CERTIFICATE OF SERVICE

I hereby certify that on May 16, Plaintiff served on the following persons by the following means:

|   |   |
|---|---|
| __1-2__ | CM/ECF |
| _____ | Hand Delivery |
| _____ | Mail |
| _____ | Overnight Delivery Service |
| _____ | Fax |
| _____ | Email |

1. Clerk of United States District Court
   Missouri River Federal Courthouse
   125 Central Avenue West
   Great Falls, MT 591404

/s/ Matthew I. Tourtlotte
Attorneys for Plaintiffs